ACCEPTED
01-15-00483-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/11/2015 11:55:53 AM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00483-CR

IN THE

COURT OF APPEALS

OF THE FIRST SUPREME JUDICIAL DISTRICT

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/11/2015 11:55:53 AM
CHRISTOPHER A. PRINE
Clerk

WILLIE MCDOWELL,
Appellant

V.

THE STATE OF TEXAS

Appeal in Cause No. 1439664

In the 182nd Court Of

Harris County, Texas

BRIEF OF APPELLANT

Hattie Sewell Shannon
Attorney For Appellant
6750 West Loop South, Suite 825
Bellaire, Texas 77401
(832) 767-1498
TBN 13155700
FAX (832) 767-1506

ORAL ARGUMENT WAIVED

## IDENTIFICATION OF THE PARTIES

Pursuant to Tex. R. App. P. 38.1(a), a complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel.

Appellant or criminal defendant:

Willie McDowell

Trial Counsel:

Lott Brooks
1314 Texas Street, Suite 710
Houston, Texas 77002

Appellate Counsel:

Hattie Sewell Shannon
6750 West Loop South, Suite 825
Bellaire, Texas 77401

Counsel for the State:

Andrea Handley
1201 Franklin
Houston, Texas 77002

Trial Judge:

The Honorable Jeannine Barr

i

# TABLE OF CONTENTS

                                                                    PAGE

IDENTIFICATION OF PARTIES                                            i

TABLE OF CONTENTS                                                    ii

INDEX OF AUTHORITIES                                                 iii

PRELIMINARY STATEMENT                                                1

STATEMENT OF THE CASE                                                1

ISSUE PRESENTED                                                      2

    Whether the Trial Court Erred In
    Denying Appellant's Motion For
    Instructed Verdict

STATEMENT OF FACTS                                                   2

SUMMARY OF THE ARGUMENT                                              2

ARGUMENT                                                             3

PRAYER                                                               10

CERTIFICATE OF SERVICE                                              11

# INDEX OF AUTHORITIES

| CASE | PAGE |
|---|---|
| Bonham v. State<br>680 S. W. 2d 815, 819<br>(Tex. Crim. App. 1984), cert. denied<br>474 U. S. 865 (1985) | 9 |
| Jackson v. Virginia<br>443 U. S. 307, 319,<br>99 S. Ct 2781, 2788-89 (1979) | 9 |
| Johnson v. State<br>23 S. W. 3d 1, 11<br>(Tex. Crim. App. 2000) | 10 |
| King v. State<br>29 S. W. 3d 556, 562<br>(Tex. Crim. App. 2000) | 9 |
| Madden v. State<br>799 S. W. 2d 683<br>(Tex. Crim. App. 1990) | 9 |
| Wilson v. State<br>654 S. W. 2d 465, 471<br>(Tex. Crim. App. 1983) | 9 |

NO. 01-15-00483-CR

IN THE

COURT OF APPEALS

OF THE FIRST SUPREME JUDICIAL DISTRICT

---

WILLIAM MCDOWELL,
Appellant

V.

THE STATE OF TEXAS

---

Appeal in Cause No. 1439664

In the 182nd Court Of

Harris County, Texas

---

BRIEF OF APPELLANT

TO THE HONORABLE COURT OF APPEALS:

Comes now Willie McDowell, hereinafter referred to as Appellant, and submits this brief pursuant to the Texas Rules of Appellate Procedure.

STATEMENT OF THE CASE

The Appellant was indicted for the felony offense of aggravated robbery with a deadly weapon. (CR. I - 8). To the charge, Appellant

1

entered a plea of not guilty. (RR. III – 8). The jury found Appellant was guilty as charged in the indictment. (RR. IV - 32). The Court assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of thirty-five years. (RR. V - 42). Appellant filed a timely written notice of appeal. (CR. 240).

## ISSUES PRESENTED

Whether The Trial Court Erred In Denying Appellant's Motion

For Instructed Verdict

## STATEMENT OF FACTS

Pursuant to TEX. R. APP. P. 38.1(f), the Appellant states the following facts pertinent to the issues presented:

It was alleged that Appellant and another unknown individual entered complainant's apartment on or about November 23, 2012, and robbed her at gunpoint. However, Appellant's fingerprints were not on any items recovered including the firearm.

## SUMMARY OF THE ARGUMENT

Appellant submits that the evidence presented by the state failed to prove beyond a reasonable doubt that he committed the offense of aggravated robbery. There was no physical proof whatsoever, and the testimony of the witnesses was inconsistent in substantially every manner.

2

## ARGUMENT

The indictment alleged that Appellant:

. . . on or about November 23, 2012, did then and there unlawfully, while in the course of committing theft of property owned by Itashia Corbin, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place Itashia Corbin in fear of imminent bodily injury and death, and the Defendant did then and there use and exhibit a deadly weapon, namely, a firearm.

The State's evidence presented at trial does not support a finding of guilt in an aggravated robbery case. The State had the burden of proving beyond a reasonable doubt that Appellant committed the aggravated robbery on November 23, 2012. The evidence presented was testimony of complainant and two officers. Complainant testified that she had never seen Appellant, and that she had seen Appellant at least one time before the alleged incident. Both cannot be true. She testified in part as follows:

"DEFENSE COUNSEL: And I think it's your testimony that you had never seen this man before?

ITASHIA CORBIN:       No.

DEFENSE COUNSEL:   You had never seen him before?

ITASHIA CORBIN:       Never seen him before.

3

DEFENSE COUNSEL: Okay. Now correct me if I'm wrong, you had told the police officer that you thought you might have seen him somewhere around the apartments. Is that true or not true?

ITASHIA CORBIN: Yes, walking around our apartments.

DEFENSE COUNSEL: Okay. So you think you had seen him before?

ITASHIA CORBIN: Yes.

DEFENSE COUNSEL: All right. But you just told the ladies and gentlemen of the jury that you had never seen him before, right?

ITASHIA CORBIN: Right, but I seen him before - -.

DEFENSE COUNSEL: But in fact - -

ITASHIA CORBIN: - - one time.

DEFENSE COUNSEL: In fact, you had seen him before, hadn't you?

ITASHIA CORBIN: Yes." (CR. III – 50, 51).

There was also very inconsistent testimony from Itashia Corbin, complainant, regarding her alleged confrontation with Appellant at her apartment. She testified during cross examination in part as follows concerning the confrontation.

4

"DEFENSE COUNSEL: Well, now, you told the ladies and gentlemen of the jury that he shot in the air and you said, "Boom, boom, boom."

ITASHIA CORBIN:      Yes. I was running behind him.

DEFENSE COUNSEL: Okay.

ITASHIA CORBIN:      He turned around and he shot in the air, boom, boom, boom.

DEFENSE COUNSEL: All right. So he didn't shoot at you?

ITASHIA CORBIN:      No, he didn't shoot at me.

DEFENSE COUNSEL: Okay. And how many times did the gun fire?

ITASHIA CORBIN:      Maybe like three.

DEFENSE COUNSEL: Are you sure?

ITASHIA CORBIN:      Yes, to try to scare me so I could stop chasing him.

DEFENSE COUNSEL: Are you sure it was three times?

ITASHIA CORBIN:      Yes, sir. I'm sure it was three times." (RR. III – 58, 59).

All of this creates reasonable doubt as to whether there was an aggravated robbery at all against Itashia Corbin. Officer Paul Lowrey

testified during direct examination as follows concerning the alleged gunshot/gunshots:

"PROSECUTOR: Did she tell you how many rounds were fired at her?

PAUL LOWERY: I think she stated one. Let me check my report.

PROSECUTOR: Would it help you refresh you recollection, Officer, to review your report for that?

PAUL LOWREY: Yes, ma'am.

PAUL LOWREY: Fired one round." (RR. III – 88).

Complainant's testimony concerning how Appellant entered her apartment was also told in different versions. There should have been doubt concerning an actually robbery occurring. During cross examination, Itashia Corbin testified in part as follows.

"PROSECUTOR: Okay. Tell the ladies and gentlemen of the jury: What, if anything happened about that time?

ITASHIA CORBIN: I heard a knock on the door. I didn't look outside. I was like, "Maybe it's my friends or somebody." So, I opened the door. It was two black males that came to the door." (RR. III – 21).

6

However, during cross examination of Officer Paul Lowery, he testified concerning the alleged entry of Appellant into Complainant's apartment. That testimony was in part as follows:

"DEFENSE COUNSEL: Okay. And you were told that Ms. Corbin had heard a noise?

PAUL LOWREY: Yes, sir.

DEFENSE COUNSEL: Okay. Now, did she describe the noise for you? Or what understanding did you come to what kind of noise was this?

PAUL LOWREY: A thud is what I thought.

DEFENSE COUNSEL: Okay. And then the door burst open?

PAUL LOWREY: It did.

DEFENSE COUNSEL: Okay. So she never reported to you that she in fact opened the door, did she?

PAUL LOWREY: No, sir.

DEFENSE COUNSEL: All right. She told you that someone kicked the door in, or that is the impression that she gave you.

PROSECUTOR: Well, I'm going to object, your Honor. That's a misrepresentation of the facts or any testimony in this case that a door was kicked open.

THE COURT: Well, I'll ask you to rephrase your question.

DEFENSE COUNSEL: Okay.

DEFENSE COUNSEL: What was your understanding of how the door was opened?

PAUL LOWREY: I – I – I'm not sure that I really know. I'm not sure that the complainant knew. From the way I understood it, she heard a thud and then saw two suspects come through the door." (RR. III – 104, 105).

Paul Lowery also testified during direct examination concerning the alleged entry into the apartment as follows:

"PROSECUTOR: Would you tell the ladies and gentlemen of the jury then what is it that Ms. Corbin told you then at that point?

PAUL LOWREY: She told me that she was at home and she had her daughter there and she heard something at the front door. All of a sudden the door burst open." (RR. – 86, 87).

Both versions certainly could not have been true. Again, the created reasonable doubt. Marion Williams Green, a retired sergeant with the Houston Police Department, further testified that Appellant's fingerprints were not located in the vehicle which had been described in the robbery nor on the gun that was allegedly used. Yet the Court did not grant Appellant's

8

motion for an instructed verdict. There were basically two versions to all of Complainant's testimony.

The critical inquiry involved in the review of factual sufficiency is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S. W. 2d 815, 819 (Tex. Crim. App. 1984), cert. denied, 474 U. S. 865 (1985); Wilson v. State, 654 S. W. 2d 465, 471 (Tex. Crim. App. 1983).

Appellant asserts that the evidence presented was thereby factually insufficient to prove a prima facie case of guilt by the State. A challenge to the court's ruling on the motion for an instructed verdict is a challenge to the sufficiency of the evidence to support the conviction. *Madden v. State*, 799 S. W. 2d 683 (Tex. Crim. App. 1990). Appellant hereby submits that the evidence presented was both legally and factually insufficient to support a finding that he committed aggravated robbery.

In evaluating the legal sufficiency of the evidence, the evidence must be viewed in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *King v. State*, 29 S. W. 3d 556, 562 (Tex. Crim. App. 2000) (citing *Jackson v. Virginia*, 443 U. S. 307, 319, 99

S. Ct. 2781, 2788-89 (1978)).  A factual sufficiency review is by reviewing all the evidence in a neutral light to determine whether the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweigh by contrary proof. *Johnson v. State*, 23 S. W. 3d 1, 11 (Tex. Crim. App. 2000).

In the case at bar, the State's witnesses testified to completely different versions of what could have possibly occurred at Complainant's apartment on November 23, 2012.  Complainant certainly was not a credible witness.  Appellant submits that considering all of the inconsistent testimony and evidence presented by the State, the motion for instructed verdict should have been granted.

## PRAYER

The Appellant prays that this Honorable Court consider the foregoing issue presented, reverse the trial court's judgment and order an acquittal as the law and justice demands.

Respectfully submitted,

Hattie Sewell Shannon
Hattie Sewell Shannon
Attorney For Appellant
6760 West Loop South, Suite 825
Bellaire, Texas 77401
(832) 767-1498

FAX (832) 767-1506
TBN 13155700
hattieshannon52@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of August 2015, I electronically filed the foregoing with the Clerk of the Court using the eFilingTXCourts system which will send notification of such filing to the following:

Harris County District Attorney's Office.

*Hattie Sewell Shannon*

Hattie Sewell Shannon

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this brief contains *1,589* words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text. In making this certificate of compliance, I am relying on the word court provided by the software used to prepare the document.

11

Hattie Sewell Shannon

Hattie Sewell Shannon